FIGUEROA *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property
of San Germán.

No. 114.—Decided April 16, 1912.

VACANT INHERITANCE.—An inheritance remaining unclaimed is considered vacant.
ID.—PRIOR RECORD IN FAVOR OF HEIRS.—In the case at bar the instruments presented to the registry for record show that there are heirs designated by the court at the instance of one of them and that the marshal's deed in favor of the appellant is the final result of a suit brought against the heirs and not against the inheritance in which the heirs were summoned as such, and it is not shown that the repudiation by them of the inheritance was alleged as a defense. The court held that it is not possible to presume that a vacant inheritance is treated of and that a previous record in the name of the heirs can be dispensed with.
INHERITANCE TAX.—In view of the circumstances of the case and of the fact that the heirs were brothers of the deceased the court held that the decision of the registrar refusing to record the sale on the ground that the payment or exemption from payment of the inheritance tax had not been proven was well founded.

The facts are stated in the opinion.
*Mr. Benito Fores* for appellant.
MR. JUSTICE DEL TORO delivered the opinion of the court.

Román Salazar y Ayala died in San German on December 10, 1910, and having left no will the District Court of Mayagüez, on May 25, 1911, designated his brother, Hermenegildo, his sisters, Francisca and Ramona, and his nephew, Juan, as his sole and universal heirs.

A suit against the Estate of Román Salazar was filed by Natalio Figueroa in the Municipal Court of San German for the recovery of a debt. At the hearing had the evidence introduced by plaintiff showed that the debt proceeded from expenses of funeral, casket, medical assistance, vault in which the body was buried, medicines, taxes on the property left by said Román Salazar, and a note made by the decedent on August 10, 1910, in favor of plaintiff. The municipal court rendered judgment on June 27, 1911, adjudging the defendant estate to pay to plaintiff the sum of $218.

For the enforcement of this judgment a writ of attachment was issued against a certain property recorded in the registry in the name of Román Salazar. This property having been sold at auction, it was awarded to Natalio Figueroa for $460, of which $216.62 were applied to the payment of the debt, the balance being turned over to the marshal of said court.

On August 3, 1911, the marshal and the vendee appeared before Notary Forés, in the city of San German, and executed the proper deed wherein it was stated that the sale had been effected in accordance with the law. This instrument having been presented for record in the registry of property, the admission thereof was refused by the registrar for the reasons set forth by him in the following decision, from which this appeal has been taken:

"Admission to record of the foregoing instrument, to which a certified copy of the designation of heirs of José Román Salazar and a certificate of the clerk of the municipal court of this city have been attached as enclosures, is denied on the ground that no proof has been furnished showing that the inheritance tax has either been paid or remitted upon the death of the said Salazar, in whose name and not

in that of the heirs (against whom the suit was brought) the property appears recorded, no record of such sale having first been requested to be entered; and for the further reason that according to the certificates attached a portion of the debt claimed was not incurred by the decedent, and because no proof has been presented showing that the estate of the decedent remains unsettled."

The first question for us to examine and decide is whether or not the decedent's estate still remains undivided. If the question is decided in the affirmative, then the decedent should be presumed to be alive and the sale should be considered as having been effected by himself, in which event the entry of the sale can then be admitted to record in the registry. But if, on the contrary, it should be found that the estate has been accepted, then a record of the property should first be made in the name of the heirs and, afterwards, in that of the purchaser.

"An inheritance remaining unclaimed is held to be undivided." Scaevola, General Principles of Civil Law, 130.

"Where an inheritance remains undivided through its nonacceptance by those entitled to it under the law, the decedent should then be deemed to be still alive." Decision of the Supreme Court of Spain, June 5, 1861.

"Upon proof being presented that the heirs have renounced the inheritance, instruments transferring the title thereof in pursuance of actions brought against the estate are admissible to record, a prior record of the property in the name of the heirs being unnecessary." Decision of the General Directorate of Registries, July 24, 1884.

"Where execution proceedings have been instituted against the heirs of a debtor, and the property has been disposed of at auction in the name of the unsettled estate on account of the heirs being unknown, there is no necessity of previously recording the property in the name of the heirs." Decision of the General Directorate of Registries of April 25, 1890.

We will now review the facts such as they appear to us from the documents presented to the registrar in order to ascertain whether or not this is a case involving an unsettled

estate and accordingly whether the requisites of a previous record in the name of the heirs may be dispensed with.

In no part of said documents does it appear that the inheritance has been expressly accepted. Neither does it appear in any part thereof that the inheritance has been expressly renounced. We are thus forced to conclude by indirect means as to the acceptance or renunciation of the inheritance.

A certificate issued by the secretary of the District Court of Mayagüez shows that the designation of heirs was made by said court in proceedings instituted at the instance of one of the heirs.

And from the very instrument of sale presented in the registry for admission to record it appears that the suit brought by the creditor, Figueroa, the appellant herein, was not directed against the property left by Román Salazar or against his unknown heirs, but against the successors of Román Salazar, consisting of his lawful heirs, Hermenegildo, Francisca, and Ramona Salazar, brother and sisters of the decedent, and Juan Crisóstomo Rodríguez, his nephew, all of whom were summoned, but it does not appear that they alleged the renunciation of the inheritance as a plea of the defense.

The case, then, is one where there are heirs designated by the court in proceedings instituted at the instance of one of them, and a sale of property finally resulting from a suit brought, not against the inheritance, but against the heirs. It cannot, therefore, be presumed that an unsettled inheritance is involved in this action and that a prior record in the name of the heirs may be dispensed with. If, as a matter of fact, the inheritance has been repudiated by the heirs, proper proofs must then be presented to destroy the presumption to the contrary originated by the circumstances surrounding the case.

Article 20 of the Mortgage Law requires that a record be previously made in the name of the heirs unless the case

be one of an unsettled inheritance, and if the latter circumstance be not established, the decisions of April 25, 1890, and December 22, 1892, are then applicable. Decision of the General Directorate of Registries of June 28, 1905.

The principle contained in said article 20 is general, absolute, and applicable therefore to all titles transferring the ownership of realty including testate or intestate inheritance, not only because an inheritance constitutes another of such titles, but because article 23 of said Mortgage Law expressly prescribes the record of a realty acquired by inheritance in order to prejudice third persons within five years from the date it was entered, after which period of time those acquiring from an heir will be protected in their ownership and possession. Decisions of the General Directorate of Registries of December 9, 1876, and June 21, 1879.

This sale upon execution of an encumbered property, in pursuance of proceedings instituted by the creditor against the heir of the debtor, is not a case which may be said to involve an undivided inheritance, because the defendant, as one of the heirs, was a party to said proceedings by acknowledging the debt and afterwards (although not within the proper period) opposing the marshal's sale and appealing from the judgment ordering the sale to be carried out; all of which, in the absence of an express acceptance (about which nothing is known), warrants the conclusion that said defendant had accepted the inheritance of the debtor, wherefore, not even the decision of December 2 last favors the contention that the award should be recorded without having previously recorded the hereditary title of the defendant. Decision of the General Directorate of Registries of August 8, 1893.

According to an unalterable principle laid down by the General Directorate, an inheritance title (title by descent) may be admitted to record although the acceptance thereof may not appear, which principle is based on the fact that the latter circumstance constitutes legally a condition of abeyance or suspension of the perfect transmission of the owner-

ship, which, once accomplished, is made effective from the date of the acceptance; and according to article 16 of the Mortgage Law, instruments transferring title subject to conditions precedent or subsequent are admissible to record. Decision of the General Directorate of Registries of August 25, 1879.

In view of the foregoing, we have reached the conclusion that the memorandum of the registrar is proper for the reason stated—that is to say, because from the papers presented in the registry the sale sought to be recorded was made on behalf of the heirs of Román Salazar y Ayala and because the property sold is not recorded in the name of said heirs.

We have carefully considered the other ground given by the registrar in support of his refusal and we find it likewise well founded. It may be perhaps, in this case, that the inheritance which descended to the heirs, after the debts of the decedent have been deducted, will not amount to the limit fixed by law for purposes of the inheritance tax (section 368 of the Political Code); however, such fact must be proven before the property descended to the heirs can be admitted to record.

The appeal should be dismissed and the decision of the registrar affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and Aldrey concurred.